JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 12-1292 DOC (ANx)            Date: February 28, 2013

Title: PROFESSIONAL HEALTHCARE BILLING SERVICES, LLC V. CHESAPEAKE HOSPITALISTS, ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                 NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [9] AND DENYING MOTION FOR SANCTIONS [12]

       Before the Court are Defendants Chesapeake Hospitalists, P.C., Thomas Miller, David Fulp, and Noemi Romano's ("Defendants'") Motion to Dismiss for Lack of Personal Jurisdiction and Defendants' Motion for Sanctions. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers thereon, and for the reasons set forth below, the Court hereby GRANTS Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and DENIES Defendants' Motion for Sanctions.

**I.      BACKGROUND**

      **a.      Underlying Action**

       Plaintiff Professional Healthcare Billing Services, LLC ("Plaintiff") is a professional medical billing company that allegedly provided billing services to Defendants. Plaintiff filed the complaint in this action on August 9, 2012, asserting breach of contract and related causes of action arising from Defendants' alleged failure to repay an $100,000 advance made by Plaintiff. (Compl. ¶ 5,

ECF No. 1.) On December 12, 2012, Defendants brought the instant Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Defs.' Mot. Dismiss, ECF No. 9.) On January 10, 2013, Defendants filed a motion requesting sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiff's filing of the Complaint in this action was frivolous and legally unreasonable due to the lack of personal jurisdiction over Defendants. (Defs.' Mot. for Sanctions, ECF No. 12.)

      b.     **Relevant Facts**

Defendant Chesapeake Hospitalists, P.C., is a professional medical group comprised of physicians who provide in-patient medical services at Chesapeake Regional Medical Center, located in Chesapeake, Virginia, including the physicians named as individual defendants in this action. (*See* Decls. Supp. Defs.' Mot. Dismiss, ECF No. 10; Rodriguez Decl. ¶ 2; Miller Decl. ¶ 1.) Chesapeake Hospitalists, P.C., is a professional corporation organized under the laws of the State of Virginia with its principal place of business in Chesapeake, Virginia. (Decls. Supp. Defs.' Mot. Dismiss, Rodriguez Decl. ¶ 2.) The individual defendants are residents of the State of Virginia. (Decls. Supp. Defs.' Mot. Dismiss, Miller Decl.; Fulp Decl.; Romano Decl.) Defendants submitted declarations showing the absence of any contact between them and the State of California: Defendants have never operated a business in California, entered into any business transactions in California, owned or leased real property in California, maintained a mailing address in California, or executed or performed any contract in California. (*See* Decls. Supp. Defs.' Mot. Dismiss, Miller Decl.; Fulp Decl.; Romano Decl.; Rodriguez Decl.)

According to Plaintiff, Defendants executed a promissory note in favor of Plaintiff on May 28, 2008, which obligated Defendants to repay $100,000 advanced by Plaintiff and secured by Defendants' insurance receivables. (Pl.'s Opp. 2, ECF No. 15.) Plaintiff claims that the entity identified in the promissory note as "Professional Healthcare Billing Services, Inc., a Company organized under the laws of the State of Nevada" was in fact Plaintiff, "Professional Healthcare Billing Services, LLC" a California corporation, and that the misidentification was due to a clerical error. (Pl.'s Opp. 1–2; Ex. A.) The promissory note contained a choice of law provision which stated: "The validity, interpretation, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California without giving effect to its conflict of law rules."(Pl.'s Opp. Ex. A, at 2.)

Before filing the present action, Plaintiff on February 27, 2012, brought an action in the Orange County Superior Court against the same Defendants, pleading the same causes of action, and seeking the same damages.[1] (*See* Elie Decl. ¶ 3; Ex. B.) Defendants in that action moved to quash

---

[1] Defendants claim that Plaintiff also previously brought an action on August 6, 2009 as "Professional Healthcare Billing, Inc." in the Riverside County Superior Court against the same Defendants and seeking the same losses, which was subsequently

service of summons and dismiss the complaint for lack of personal jurisdiction. After a hearing at which counsel for Plaintiff appeared but did not oppose the motion, the superior court granted the motion and dismissed the action without prejudice. The court entered a minute order stating: "No opposition; no minimum contacts or purposeful availment; no jurisdiction." (*See* Elie Decl. ¶ 6; Ex. D)[2].

Defendants argue that the Court lacks personal jurisdiction over them because none of the Defendants are residents of or have any contacts with the State of California and because the state court's ruling that Defendants are not subject to personal jurisdiction in California is res judicata and determinative of the issue in the present action. Plaintiff contends that personal jurisdiction exists pursuant to the choice of law provision in the promissory note which designated California law as governing the agreement.

## II.   DISMISSAL FOR LACK OF PERSONAL JURISDICTION

### a.   Legal Standard

A plaintiff has the burden of establishing that personal jurisdiction exists over a defendant. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003) (citing *John Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). The Court may rule on a defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) without first holding an evidentiary hearing. In such a situation, the plaintiff has the burden of making a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.* at 1129. When the plaintiff's version of the facts is not directly controverted, it is taken as true for the purposes of a Rule 12(b)(2) motion. *Id.* Conflicts between the facts in the parties' affidavits are resolved in the plaintiff's favor. *Id.*

Where there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it is proper to assert personal jurisdiction. *E.g., id.* The California long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the Court's jurisdictional analysis under California law and federal due process is the same. *Yahoo! Inc. v. La Ligue Control Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

---

voluntarily dismissed by the plaintiff. (*See* Elie Decl. ¶ 2; Ex. A.)

[2] Thus issue preclusion provides a separate basis for dismissal here. The state court's determination on the jurisdictional issue is binding on this Court when no new facts about personal jurisdiction have been alleged. *Kendall v. Overseas Development Corp.*, 700 F.2d 536, 538 (9th Cir. 1983).

The Due Process Clause permits a court to exercise personal jurisdiction over a defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945) (internal quotation marks omitted). A court may exercise general jurisdiction over a defendant whose contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S. Ct. 2174 (1985). Absent general jurisdiction, a court may also exercise specific jurisdiction over a defendant where "jurisdiction [is] based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo!*, 433 F.3d at 1205.

    **b.**    **Discussion**

        *i.*    *General Jurisdiction*

Defendants argue that they have no contacts with California, much less the "continuous and systematic" contacts required for the exercise of general jurisdiction. *See Schwarzenegger v. Fred Martin. Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Plaintiff does not offer any argument to the contrary, and the evidence does not support the exercise of general jurisdiction over Defendants.

        *ii.*    *Specific Jurisdiction*

In the Ninth Circuit, a three-part test determines whether specific jurisdiction exists: (1) the non-resident defendant must purposefully direct its activities at, or consummate some transaction with, the forum state or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Yahoo!*, 433 F.3d at 1205-06.

The "purposeful availment" requirement involves a determination as to whether "defendant's conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1980). The defendant may not be haled into the jurisdiction through fortuitous contacts or by the unilateral activity of another party. Id. Yet, the purposeful availment requirement is met where the "defendant has taken deliberate action within the forum state or if [s]he has created continuing obligations to forum residents." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Plaintiff submitted with its Complaint a copy of an outgoing wire transfer authorization that appears to have originated in California and effected the transfer of $100,000 to a bank in Chesapeake, Virginia with Defendant Chesapeake Hospitalists, P.C., identified as the beneficiary. This wire transfer was merely unilateral activity by Plaintiff that does not indicate any affirmative conduct by Defendants to direct their activities at California residents. Nor does the mere fact that the loan funds may have

originated in California establish "purposeful availment" on the part of Defendants.[3]

Plaintiff's main contention for imposing personal jurisdiction is that the promissory note executed by Defendants contained a choice of law provision designating California law as governing the agreement. Although a choice of law provision may be considered as a factor in the personal jurisdiction analysis when combined with affirmative conduct by the defendant indicating that it purposefully availed itself of the privilege of conducting business in the forum state, a choice of law provision alone is not sufficient to establish personal jurisdiction. *Burger King Corp.*, 471 U.S. at 482 ("[S]uch a provision standing alone would be insufficient to confer jurisdiction.")

The only evidence of any contact between Defendants and California is the choice of law provision in the promissory note; this provision, standing alone, is not sufficient to confer personal jurisdiction on Defendants. Defendants' only place of business is in the State of Virginia and their only contact with California was the choice of law provision which was contained in a promissory note that, on its face, indicated it was executed in favor of a Nevada corporation. Because Plaintiff has failed to present evidence establishing that Defendants purposefully availed themselves of the privilege of conducting business in California, the Court need not consider the other prongs of the specific jurisdiction test.

Given that Plaintiff has failed to establish minimum contacts between Defendants and the State of California, the Court finds that it lacks the power to exercise personal jurisdiction over Defendants.

## III. RULE 11 SANCTIONS

Defendants have moved the Court for an award of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiff's filing of the Complaint in this action was frivolous and legally unreasonable in light of the lack of personal jurisdiction over Defendants.

Rule 11 allows a court to sanction an attorney or unrepresented party who submits a paper to the court when the court determines that the paper was submitted for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" or if "the claims, defenses, and other legal contentions" in the paper were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11. The Ninth Circuit has held that an "objective-objective" test governs whether a party

---

[3] Although Plaintiff alleges in the Complaint that the contract at issue was entered into in Riverside County, California, no evidence was submitted to support this allegation, and it is contradicted by declarations submitted by Defendants' that they have never entered into any contract in the State of California. The Court may not assume the truth of allegations in a pleading which are contradicted by affidavit. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977).

has violated Rule 11. *In re Keegan Mgmt. Co., Secs. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996). Under this test, a court should consider both whether the paper at issue is objectively frivolous and also whether a reasonable attorney, rather than the actual person submitting the paper, would have believed it to be frivolous at the time it was filed. *Id.*

The Court has serious concerns as to whether a reasonable attorney would have filed the Complaint in this action given the dearth of contacts between Defendants and California and the superior court's finding that Defendants were not subject to personal jurisdiction in California. The Court finds, however, that the Complaint in this matter was not so frivolous that the act of filing it constituted sanctionable conduct under Rule 11.

In its opposition to Defendants' motion for sanctions, Plaintiff asserts that it relied chiefly on the choice-of-law provision in the promissory note to establish Defendants' minimum contacts with California. (Pl.'s Opp. to Mot. for Sanctions, 6-7, ECF No.16.) Although as explained above, choice-of-law provisions have been found sufficient to establish minimum contacts only when paired with additional affirmative conduct by the defendant availing itself of the privilege of conducting business in the forum state, Plaintiff's reliance on the choice-of-law provision alone, though ultimately wrong, was not so baseless as to be objectively unreasonable.

The Court therefore declines to impose sanctions in this matter.

## IV.  DISPOSITION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(2) and Plaintiff's action is dismissed with prejudice. Defendants' Motion for Sanctions is DENIED.

The Clerk shall serve this Minute Order on all parties to the action.